# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KRISTOPHER THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-026 |
| | ) |
| JEFFERY DONALDSON, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Civil rights plaintiff Kristopher Thomas, currently confined in Ware State Prison in Waycross, Georgia, submitted a 42 U.S.C. § 1983 complaint asserting a legal malpractice claim against an attorney he retained to represent him in a criminal case in 2008. (Doc. 1.) The Court granted Thomas leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims

that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must examine the complaint to determine whether it states a colorable claim for relief. Here, it does not.

Thomas claims that Jeffery Donaldson, whom he had retained to represent him in a Chatham County, Georgia Superior Court criminal action, was ineffective at a July 10, 2008 sentencing hearing for failing to raise the fact that Thomas was "a minor child." (Doc. 1 at 1.) The claim is dead on arrival for two reasons. First, Thomas filed his complaint on February 8, 2011, more than two years after the alleged ineffectiveness. In Georgia, a § 1983 action is barred if not commenced within two years after the cause of action accrues. *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (citing *Mullinax v. McElhenney*, 817 F.2d 711,

716 n.2 (11th Cir. 1987)); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two- year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Second, 42 U.S.C. § 1983 only applies to civil rights violations committed by those acting under color of state law. Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government but is instead the government's adversary. *Polk County v. Dodson*, 454 U.S. 312, 318-19, 318 n.7, 323 n.13 (1981). Hence, Donaldson was not acting under color of state law and is unreachable under § 1983. *Id.* at 318, 324-25. At best Thomas has a state law malpractice claim against Donaldson, not a federal civil rights claim.

For all of the reasons explained above, this case should be **DISMISSED** for failing to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this __2nd__ day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA